1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                   NORTHERN DISTRICT OF CALIFORNIA
8
9    RONALD DEAN YANDELL,                    No. C 06-7469 MHP (pr)
10              Petitioner,                  **ORDER DISMISSING HABEAS**
                                             **PETITION**
11         v.
12   R. HOREL, warden,
13              Respondent.
                                        /
14   _____
15                          **INTRODUCTION**
16         Ronald Dean Yandell, an inmate at Pelican Bay State Prison, filed this <u>pro se</u> action
17   for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the execution of his
18   sentence -- specifically, the collection of a restitution fine.  His petition is now before the
19   court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section
20   2254 Cases.   (This petition does not challenge Yandell's conviction; his conviction is
21   challenged in the habeas petition pending in <u>Yandell v. Horell</u>, No. C 06-6332 MHP.)
22                          **DISCUSSION**
23   A.    <u>Standards</u>
24         This court may entertain a petition for writ of habeas corpus "in behalf of a person in
25   custody pursuant to the judgment of a State court only on the ground that he is in custody in
26   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).
27   A district court considering an application for a writ of habeas corpus shall "award the writ or
28   issue an order directing the respondent to show cause why the writ should not be granted,
     unless it appears from the application that the applicant or person detained is not entitled

United States District Court
For the Northern District of California

thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

B.      Habeas Jurisdiction Is Absent

The threshold problem with this action is that it appears that the court does not have habeas jurisdiction over the petition because it concerns a monetary dispute and not a dispute about the length of time Yandell will remain in custody.  The Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  The legal claim he asserts is in the nature of a wrongful taking kind of claim under the Fifth and Fourteenth Amendments.  Because success or failure on petitioner's restitution claim will not affect the length of his sentence, it appears that this claim should not be brought in a habeas case and instead should be brought in a § 1983 action.  Even if a habeas petition was the correct procedural vehicle to assert a challenge to the execution of a restitution order, Yandell's claim would fail on the merits because the exhibits to his petition show he is wrong on the facts.

C.      The Petition Will Be Dismissed Because There Was No Alteration Of The Abstract

1.      The Abstract of Judgment Forms

Yandell alleges that the CDC officials have "altered petitioner's true abstract of judgment," and have unlawfully seized money from his inmate account to pay a restitution order that Yandell contends is not part of the abstract of judgment.  Yandell alleges that the document attached to his petition as Exhibit A is the "true" abstract of judgment and that Exhibit B is an "altered abstract of judgment." Petition attach., p. 2.   Yandell's primary factual error is his belief that Exhibits A and B are two different versions of the same document.

The abstract of judgment in Yandell's case consists of four pages:  the two pages of the form abstract of judgment in Exhibit A plus the two pages of the form abstract of judgment in Exhibit B.  Exhibit A consists of a 2-page abstract of judgment form plus a 1-

page document entitled "sentencing" that appears to be the court's minutes.  Exhibit B also

consists of a 2-page abstract of judgment form plus a 1-page document entitled "sentencing"

that appears to be the court's minutes.  The abstract of judgment form in Exhibit A reflects

the sentence on the voluntary manslaughter conviction (Count 1) and the abstract of

judgment in Exhibit B reflects the sentence on the first degree murder conviction (Count 2).

Neither supersedes the other.  Indeed, item number 1 on the abstract of judgment form in

Exhibit A is checked to reflect that there is an additional conviction with additional pages.

The abstract of judgment forms in Exhibit A and Exhibit B are not two different versions of

one 2-page document but instead are one 4-page document.  That these are parts of a single

document is illustrated by the undisputed facts that Yandell (a) was convicted of both

voluntary manslaughter and first degree murder with use of a firearm and (b) received a total

prison term of 65 years, comprised of 15 years plus 50 to life.  He did not receive just the 15

years on the abstract of judgment in Exhibit A or just the 25 + 25 years to life on the abstract

of judgment in Exhibit B.  If the abstract of judgment forms are not read together, Yandell's

sentence would be either 15 or 50 years, both not both.  Even he doesn't contend that it is

anything but the 65 years (15 + 50 years) that results only from adding the terms from the

two abstract of judgment forms together.

> 2.   <u>The Minutes Are Not Part Of The Abstract Of Judgment</u>

The court's minutes of the sentencing hearing included in Exhibit A and Exhibit B are

<u>not</u> part of the abstract of judgment.  Although Yandell presents each exhibit as though the

abstract of judgment consists of the two-page abstract of judgment form plus the minutes,

they simply are not a single document.  He provides no authority or proof that the sentencing

court made the minutes part of the abstract of judgment.

Recognizing that the minutes are <u>not</u> part of the abstract of judgment is crucial

because the inconsistency identified by Yandell was in the minutes rather than the abstract of

judgment forms.  The minutes in Exhibit A state, in relevant part: "The Court orders the

defendant to pay a $10,000. Restitution fund fine pursuant to Penal Code Section 1202.4(b)

and a Restitution Probation fine of $10,000, which are stayed until the defendant is placed on

parole." Petition Exh. A, first page. The minutes in Exhibit B state, in relevant part: "The Court orders the Defendant to pay a $10,000. Restitution fund fine pursuant to Penal Code Section 1202.4(b). The court orders a Restitution Parole fine of $10,000. Which shall be stayed until the defendant is placed on Parole." Petition Exh. B, first page. These minutes are not identical. There are slight differences in wording and the minutes make two mistakes.

The minutes in Exhibit A refer to a restitution "probation" fine, but that is incorrect because probation was not part of Yandell's sentence. A restitution fine for probation revocation referred to in California Penal Code § 1202.44 would not apply. Additionally, both the Exhibit A and Exhibit B minutes are wrong in another respect. California Penal Code § 1202.45 provides for a parole revocation restitution fine that is "suspended unless the person's parole is revoked." A parolee does not incur a fine under § 1202.45 for going on parole, but only if his parole is revoked. As a result, the minute orders stating that the restitution fines "are stayed until the defendant is placed on parole" are not correct under California law.

3.    The Restitution And Restitution Fines On the Abstract of Judgment

Under California law, there generally are three types of restitution: direct restitution to the victim to cover an economic loss, see Cal. Penal Code 1202.4(f)-(k), a restitution fine payable to the state Restitution Fund, id. at § 1202.4(b)-(e), and a suspended restitution fine payable only if parole is revoked while the defendant is on parole, id. at § 1202.45.

In Yandell's case, both abstract of judgment forms have the following part filled in on the second page: "Case A: "$10,000 per PC 1202.4(b) forthwith per PC 2085.5; "10,000 per PC 1202.45 suspended unless parole is revoked." Exhs. A, B. Neither abstract of judgment states that the restitution fine was stayed until Yandell is placed on parole.

The sentence imposed on Yandell as reflected in the abstract of judgment included the second and third type of restitution fines, i.e., a $10,000 restitution fine payable to the state Restitution Fund and a $10,000 suspended restitution fine payable only if and when he goes on parole and parole is revoked. Despite his contention to the contrary, the $10,000

4

restitution fine payable to the state Restitution Fund -- the part referred to in the abstract of judgment as "$10,000 per PC 1202.4(b) forthwith per PC 2085.5" is now payable and is not suspended until he goes on parole. The other code reference is to California Penal Code § 2085.5 refers to the section that directs the CDC to collect monies from the inmate's trust account to pay that restitution fine.

The variations between the minutes do not warrant habeas relief, as the 4-page abstract of judgment (rather than the minutes) is the formal commitment document and statement of Yandell's sentence. See Cal. Penal Code §§ 1213, 1213.5. The CDC is permitted by California Penal Code § 2085.5 to collect monies from the inmate's trust account to satisfy that restitution order. Yandell has provided no legal authority for the proposition that the CDC may ignore the abstract of judgment and choose to follow a court's minutes that contradict it and are incorrect under state law.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is dismissed. The clerk shall close the file.

IT IS SO ORDERED.

DATED:   April 4, 2007

Marilyn Hall Patel
United States District Judge